## NO RIGHT IN TENANT TO SURRENDER PREMISES BECAUSE OF DECAY.

Circuit Court of Cuyahoga County.

MORGAN WOOD v. PAUL C. SEARLES ET AL.

Decided, June 11, 1906.

*Landlord and Tenant—When Tenant May Not Surrender Premises Because Untenantable.*

A tenant may not surrender premises under Section 4113, Revised Statutes, because unfit for occupancy, where the only change in the premises is from natural wear and decay, and the condition of the premises was fully known to him at the time the lease was made.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood in the original action. That was an action for rent of a house which the tenant had vacated during the term because of its becoming untenantable from the bad condition of the plumbing and sewer connection. The lease contained a printed clause, in language similar to that of Section 4113, Revised Statutes, providing that the tenant should not be liable for rent after surrender of the premises in case they should without his fault be injured or destroyed by the elements or other cause so as to become unfit for occupancy. At the close of all the evidence the court below directed a verdict for the landlord, upon the ground that neither the statute nor the clause in the lease contemplated a condition resulting merely from natural wear and decay as in this case. . We do not find it necessary to pass upon that precise question, because it is perfectly plain from the plaintiff in error's evidence contained in the bill of exceptions, at pages 19, 22, and his letter exhibit C, that the condition complained of by the tenant was well known to him when the lease was executed, and that it was for premises in this condition that he covenanted to pay rent. True the consequences to health therefrom may not have been fully

appreciated by him; but the condition itself did not change materially after the term began. And both the statute and the clause in the lease are prospective in their operation and hence do not apply to this understood and pre-existing condition.

For a like reason the court's exclusion of evidence of an alleged custom in Cleveland requiring landlords to make such repairs could not possibly be prejudicial. The circumstances surrounding the negotiations of the lease show clearly that the contract of the parties and the reservation of the stipulated rental were agreed upon by taking into consideration the existing condition of the premises without reference to any repairs.

The judgment below is affirmed.